## Michael Kinney v. The People of the State of Illinois for the use of Road District No. 9, in Morgan County.

1. OFFICERS—*Time in Which to Perform Official Acts.*—Where a statute specifies the time within which a public officer is to perform an official act regarding the rights and duties of others, it will be considered as directory, merely, unless the nature of the act to be performed, or the anguage used by the legislature, shows that the designation of the time was intended as a limitation of the power of the officer.

2. OFFICERS—*Statutory Directions—When Mandatory.*—Directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by a failure to obey which, the rights of those interested are not prejudiced, are not commonly to be regarded as mandatory, and if the act is performed, but not in time, or in the precise mode indicated, it may still be sufficient, if that which is done accomplished the substantial purpose of the statute.

3. OFFICERS—*Treasurer of Commissioners of Highways—Construction of Statute.*—Sec. 60 of the road law of 1889, providing that the treasurer of the commissioners of highways shall, within twenty days after the regular meeting in June, make complaint, under oath, before any justice of the peace, against each person who has not paid his poll tax, is directory, and a prosecution against delinquents is not barred by the lapse of the twenty days mentioned in the statute.

**Memorandum.**—Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The opinion states the case.

OSCAR A. DELEUW, attorney for appellant.

M. T. LAYMAN, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a prosecution under Par. 186 (Sec. 60), Ch. 121, R. S., for failure to pay the poll tax provided for in that section.

The principal question of fact was whether the appellant was properly on the list of able-bodied men of the district and between the specified ages. This the jury solved against him, and we are not prepared to say, after reading the abstract, that the finding was without sufficient proof, or that it was induced by any improper ruling or instruction.

The principal question of law was, whether the failure to institute the proceedings within twenty days after the regular June meeting was fatal. The rule, as announced in the text books and as approved by the Supreme Court in Whalin v. The City of Macomb, 76 Ill. 49, is:

"Where a statute specifies the time within which a public officer is to perform an official act, regarding the rights and duties of others, it will be considered as directory, merely, unless the nature of the act to be performed, or the language used by the legislature, shows that the designation of the time was intended as a limitation of the power of the officer."

Cooley, in his work on Constitutional Limitations, remarks, p. 78: "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by a failure to obey which the rights of those interested are not prejudiced, are not commonly to be regarded as mandatory, and if the act is performed, but not in time, or in the precise mode indicated, it may still be sufficient, if that which is done accomplished the substantial purpose of the statute."

Another eminent writer says: "And in general it may be laid down as a rule that when a statute directs certain proceedings to be done in a certain way or at a certain time, and the form or the period does not appear essential to the judicial mind, the law will be regarded as directory, and the

proceeding under it will be held valid, though the command of the statute as to the form and time has not been strictly obeyed, the time and manner not being of the essence of the thing to be done." Potter's Dwarris, p. 222, note 29.

We are inclined to hold that the direction as to time in the statute under consideration is not essential, and was not so designed, but was only intended to induce early and prompt action against delinquents; that it is therefore directory, merely, and that the prosecution was not barred by the lapse of twenty days.

The judgment will be affirmed.